# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2467

_____

| | |
|---|---|
| Chris G. Alevras, | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Eastern District of Arkansas. |
| George E. Snyder, Warden, FCI-<br>Forrest City, | * |
| | *       [UNPUBLISHED] |
| | * |
| Appellee. | * |

_____

Submitted: November 5, 1999

Filed: November 16, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Chris G. Alevras appeals the district court's[1] dismissal of his 28 U.S.C. § 2241 action, in which he claimed that the Bureau of Prisons (BOP) was illegally setting the amount and timing of payments toward the restitution and special-assessment obligations that are part of his federal criminal sentence. Although Mr. Alevras frames his action as one attacking the manner in which his sentence is being executed, we view

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

it as an attack on the legality of the sentencing court's decision to delegate authority to the BOP to set the amount and timing of his payments.  We note the merits of Mr. Alevras's claim may require interpreting the sentencing court's order, which is a task best left to the sentencing court.  We conclude this matter can be raised only through a motion under 28 U.S.C. § 2255 in the district court that sentenced Mr. Alevras.  See 28 U.S.C. § 2255 (allowing prisoner to collaterally attack sentence on ground that its imposition violates Constitution or federal laws); 28 U.S.C. § 2244(a) (no circuit or district judge shall be required to entertain application for writ of habeas corpus if legality of detention has been judicially determined on prior application for writ of habeas corpus, except as provided in § 2255).

Accordingly, we remand with instructions to dismiss this habeas petition as barred by sections 2255 and 2244(a).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.